# IN THE COURT OF APPEALS OF IOWA

No. 20-0613
Filed May 12, 2021

**BRANDON LEE VANCE,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Johnson County, Lars G. Anderson,

Judge.


        Brandon Vance appeals the summary disposition of his second application

for postconviction relief.  **AFFIRMED.**


        Jeffrey L. Powell of Powell & McCullough, PLC, Coralville, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee State.


        Considered by Bower, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Brandon Vance appeals the summary disposition of his application for postconviction relief (PCR). He contends (1) he should be allowed to develop and present his claim of actual innocence and (2) his application was not time-barred.

## I. Facts and Proceedings

Vance pled guilty to first-degree robbery in 2010, and the court sentenced him to a term of imprisonment not to exceed twenty-five years. Vance filed his first PCR application claiming his plea was not valid because he had not been informed that his co-defendants had pled to lesser charges. The PCR court dismissed that application, and Vance did not appeal.

Following the supreme court's filing of *Allison v. State*, 914 N.W.2d 866 (Iowa 2018), Vance filed his second PCR application, alleging ineffective assistance of PCR counsel. The State moved for summary disposition. The PCR court granted the State's motion and dismissed Vance's application. Vance now appeals.

## II. Scope and Standard of Review.

We generally review a grant of a motion to dismiss a PCR application for correction of errors at law; however, when a PCR applicant claims ineffective assistance of PCR counsel, we review de novo. *Allison*, 914 N.W.2d at 870.

## III. Analysis

Vance claims the court erred by granting the State's motion for summary disposition because (1) his actual-innocence claim was not allowed to be fully developed and (2) the application was not time-barred.

### A. Actual Innocence

Iowa Code section 822.6(3) (2019) allows for summary disposition "when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact . . . that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." To succeed on his claim of actual innocence, Vance must show by a preponderance of the evidence that he is factually innocent of the entire crime, including subsequent lesser offenses associated with the charges. *See Dewberry v. State*, 941 N.W.2d 1, 6-10 (Iowa 1986).

Vance argues that he should be allowed to develop the record because "he is actually innocent of Robbery in the First Degree and is only guilty of the crime of Robbery in the Second Degree." Vance cannot meet the *Dewberry* test since he admits he is guilty of a lesser-included charge. Therefore, his claim does not meet the requirements of alleged innocence to warrant further analysis. We affirm the trial court's decision to grant summary disposition on this claim.

### B. Time-Barred

Iowa Code section 822.3 requires that PCR

> applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

Vance alleges that a relation-back doctrine provides the relief sought under section 822.3, effectively tolling the statute. *Allison* holds that

> where a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in

> presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing, of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

914 N.W.2d at 891. In order to relate the filing of the second PCR application back to the first PCR application, Vance must show (1) a timely filed PCR application alleging ineffective assistance of trial counsel, (2) a successive PCR application alleging that PCR counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim in the first PCR action, and (3) prompt filing of the successive PCR application following the conclusion of the first PCR action. *See id.*

Only the third prong is in question here. Under this prong, the subsequent PCR application must be "promptly" filed after the conclusion of the first. *Id.* Procedendo issued on Vance's first PCR action on December 18, 2013, and his second application was filed on June 24, 2019, more than five years later. This was not prompt in anyone's book. *See Fountain v. State*, No. 17-2024, 2019 WL 5424928, at *3 n.9 (Iowa Ct. App. Oct. 23, 2019) (holding that a wait of nearly two years is not considered prompt); *Polk v. State*, No. 18-0309, 2019 WL 3945964, at *1 (Iowa Ct. App. Aug. 21, 2019) (holding that waiting nearly six months to file does not meet "prompt" filing mandate); *Cook v. State*, No. 17-1245, 2019 WL 719163, at *4 (Iowa Ct. App. Feb. 20, 2019) (holding application filed more than forty-six months after the conclusion of first PCR action and more than twenty-nine months after the conclusion of second PCR action is not prompt); *Kelly v. State*, No. 17-0382, 2018 WL 3650287, at *3-4 (Iowa Ct. App. Aug. 1, 2018) ("[W]e cannot say Kelly's applications have been 'promptly' filed, with his second PCR application being filed more than fifteen months after our court affirmed the denial of his first

application and his third application being filed more than one year after procedendo issued on his appeal of his second PCR action."); *see also Johnson v. State,* No. 19-1949, 2021 WL 210700, at *2 (Iowa Ct. App. Jan. 21, 2021) (collecting cases on the meaning of "filed promptly"). So Vance proposes that we focus on whether his second PCR application was filed promptly after the filing of the *Allison* decision. *Allison* was filed June 29, 2018. 914 N.W.2d at 866. Vance's second PCR application was filed June 24, 2019, over eleven months later.

Even if we were to adopt Vance's position, an eleven month delay is not prompt. *See Killings v. State*, No. 20-0215, 2021 WL 1399211, at *1, (Iowa Ct. App. April 14, 2021) (over nine months); *Polk*, 2019 WL 3945964, at *1 (nearly six months); *Maddox v. State*, No. 19-1916, 2020 WL 5230367, at *3 (Iowa Ct. App. Sept. 2, 2020) (121 days); *Harlston v. State*, No. 19-0267, 2020 WL 4200859, at *1 (Iowa Ct. App. July 22, 2020) (more than six months).

Whether we count from the conclusion of the initial PCR ruling or from the date of the *Allison* decision, Vance failed to file his second PCR application promptly. We affirm the trial court's determination that Vance's second PCR application is time-barred.

## IV. Conclusion

Because the PCR court properly granted summary disposition of Vance's second PCR application, we affirm.

**AFFIRMED.**